PALL CORPORATION, Plaintiff(s),

v.

3M PURIFICATION INC.,
Defendant(s).

Nos. CV 97–7599(RRM)(ETB),
CV 03–0092(RRM)(ETB).

United States District Court,
E.D. New York.

Feb. 10, 2011.

Nixon Peabody LLP, by Joseph J. Ortego, Esq., James W. Weller, Esq., Leydig, Voit & Mayer, Ltd., by H. Michael Hartmann, Esq., Paul J. Korniczky, Esq., Kirkland & Ellis LLP, by Garret A. Leach, Esq., Paul R. Garcia, Esq., Michael I. Cohen, Esq., Chicago, IL, for Plaintiff.

## ORDER

BOYLE, United States Magistrate Judge:

By application dated January 24, 2011, the defendant, 3M Purification Inc. ("3M"), sought leave to file its "fully-briefed Renewed Motion for Sanctions"—consisting of approximately 1,400 pages-under seal, on the grounds that it contains information that the plaintiff, Pall Corporation ("Pall"), has designated as confidential under the parties' protective order. On January 28, 2011, the Court directed the parties to show cause, in writing, why all papers relating to 3M's motion for sanctions should not be unsealed and to explain why it is necessary to seal all of the papers relating to the motion as opposed to sealing only those exhibits that contain confi-

dential information as defined in the parties' protective order.

By response dated February 2, 2011, 3M advised the Court that it has no objection to unsealing the entire contents of its sanctions motion. By letter dated February 7, 2011, Pall informed the Court that it does not believe that all papers relating to 3M's motion require sealing. Rather, Pall seeks to have four exhibits sealed, on the grounds that they contain information that would otherwise be protected by the attorney-client privilege and/or constitute attorney work product:[1] (1) Exhibit 9 attached to 3M's moving brief; and (2) Exhibits 22, 31 and 32 attached to Pall's opposition brief. Additionally, Pall requests that the excerpts from Exhibit 9 quoted in 3M's moving brief at pages 18 to 19 be sealed as well.

■ "There is a strong presumption of public access to judicial records that is 'based on the need for federal courts [ . . . ] to have a measure of accountability and for the public to have confidence in the administration of justice.' " *General Media, Inc. v. Shooker*, No. 97 Civ. 510, 1998 WL 401530, at *12, 1998 U.S. Dist. LEXIS 10880, at *37 (S.D.N.Y. July 14, 1998) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995) ("*Amodeo II* ")); *see also Commercial Union Ins. Co. v. Lines*, 239 F.Supp.2d 351, 358 (S.D.N.Y. 2002) ("Judicial documents are presumptively available to the public."). "The weight of this presumption will vary according to the relative importance of that particular judicial document in the adjudication of the litigant's rights." *General Media*, 1998 WL 401530, at *12, 1998 U.S. Dist. LEXIS 10880, at *37–38 (citing *Amodeo II*, 71 F.3d at 1049–50). "Once the weight of the presumption of access is

ascertained, it is balanced against the competing considerations specific to the case at hand." *General Media*, 1998 WL 401530, at *12, 1998 U.S. Dist. LEXIS 10880, at *38 (citing *Amodeo II*, 71 F.3d at 1049–50). As a result, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" for the request. *Video Software Dealers Assoc. v. Orion Pictures, Corp.*, 21 F.3d 24, 27 (2d Cir.1994).

■ The same presumption of access does not apply, however, to information exchanged by parties during discovery. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (noting that "pretrial depositions and interrogatories are not public components of a civil trial"). Where the information gained during discovery is offered in support of or opposition to a dispositive motion though, a qualified right of public access exists. *See Joy v. North*, 692 F.2d 880, 893 (2d Cir.1982) (stating that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons").

■ I have reviewed the exhibits that Pall seeks to have sealed and conclude that its application is without merit. Pall's reason for sealing is itself the reason for denial of its application. In its letter response to the Order to Show Cause, dated February 7, 2011, Pall states:

> These materials are or reflect confidential communications between Pall and its attorneys that would be protected by the attorney-client privilege and/or attorney work product but for the Court's order

---

1. By asserting a good faith defense to the inequitable conduct counterclaim, Pall has waived the attorney-client and attorney work product privileges in this action. (Mem. Opinion & Order of Boyle, J., dated June 8, 2010, 268 F.R.D. 167.)

that certain privileged communications were waived.

(Letter from Korniczky, P. to Boyle, J., dated Feb. 7, 2011 at 1–2.) Pall itself notes that any claim of privilege was waived when Pall asserted the good faith defense to the defendant's inequitable conduct counterclaim. (Mem. Opinion & Order of Boyle, J., dated June 8, 2010, 268 F.R.D. 167.)

Thus, notwithstanding that these documents were originally considered privileged and confidential, they are no longer entitled to such status. There is no question that these are judicial documents annexed to a dispositive motion, and as such, "should not remain under seal absent the most compelling reasons." *Joy,* 692 F.2d at 893. Here, one of the four exhibits is annexed to 3M's moving papers while three are annexed to Pall's opposition. It is "irrelevant," however, to any resolution of this issue which party has "put the contested documents in their motion papers...." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 122 (2d Cir.2006).

For the foregoing reasons, I find no compelling reason that the challenged exhibits and the excerpt of one such document that appears at pages 18 to 19 of 3M's moving brief should be sealed. Accordingly, 3M's pending "Renewed Motion for Sanctions" is hereby terminated and 3M is directed to re-file the entire set of motion papers without any sealing.

**SO ORDERED.**